IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SAMMY DAVID MCLAIN JR.      *

    Plaintiff           *

v.                *      Civ. No. DLB-26-39

PEPCO HOLDINGS LLC, *et al.*      *

    Defendants     *

## MEMORANDUM OPINION

Self-represented plaintiff Sammy David McLain Jr. filed a complaint against Pepco Holdings LLC ("Pepco"), Exelon Corporation ("Exelon"), and Pepco employee Matt Young, ECF 1, along with exhibits, ECF 4, and a motion to proceed in forma pauperis, ECF 2, which is granted. McLain alleges that the defendants violated his civil rights under 42 U.S.C. § 1983, were negligent, and subjected themselves to "corporate liability" by failing to maintain land adjacent to a Pepco right-of-way in Hyattsville, Maryland. McLain states that he has made scientific discoveries on the land, which he cannot access if the defendants do not clear the vegetation. The defendants moved to dismiss. ECF 6. For the following reasons, their motion is granted.

### I.    Background

McLain alleges that he "discovered, managed, explored, and documented terrain adjacent to the Pepco right-of-way in Hyattsville" in the 1980s. ECF 1, at 3. He asked Pepco to clear vegetation on the land adjacent to the right-of-way, and Pepco cut the grass there until 2023 even though it was not Pepco's land. *Id.* McLain complains that Pepco, per Young's decision as a senior program manager for Pepco's vegetation management division, no longer maintains the land and that McLain cannot access his discoveries, receive recognition for them, or profit from them. *Id.* He insists that "Pepco's vegetation management authority" and obligations under Md. Code Regs.

20.50.12.09 and the Federal Energy Regulatory Commission's "FAC-003-4" require Pepco to maintain this land and that the defendants were negligent when they refused to perform the upkeep he requested. *Id.* at 4. McLain also believes that Pepco and Exelon have "corporate liability" for their employee Young's conduct and that the defendants are liable under § 1983 for depriving McLain of his property and liberty interests without due process. *Id.* McLain insists the defendants are state actors who can be liable under § 1983 because they have an obligation to maintain public utility rights-of-way. *Id.*

The defendants filed a motion to dismiss for insufficient service of process and failure to state a claim. ECF 6; *see* ECF 6-1. McLain opposed the motion. ECF 13. McLain acknowledges that service was insufficient but requests additional time to properly serve the defendants. *Id.* at 4. And he seeks leave to amend the complaint to cure the perceived deficiencies in his allegations. *Id.*

## II.      Standard of Review

Under Rule 12(b)(6), a party may seek dismissal for failure "to state a claim upon which relief can be granted." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 290 (4th Cir. 2021) (quoting Fed. R. Civ. P. 12(b)(6)). To survive the challenge, the opposing party must have pleaded facts demonstrating it has a plausible right to relief from the Court. *Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plausible claim is more than merely conceivable or speculative. *See Holloway v. Maryland*, 32 F.4th 293, 299 (4th Cir. 2022). The allegations must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (quoting *Iqbal*, 556 U.S. at 678). But the claim does not need to be probable, and the pleader need not show "that alternative explanations are less likely" than their theory. *Jesus*

*Christ is the Answer Ministries, Inc. v. Balt. Cnty., Md.*, 915 F.3d 256, 263 (4th Cir. 2019) (quoting *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015)).

When ruling on a Rule 12(b)(6) motion, the Court must accept the allegations as true and draw all reasonable inferences in favor of the pleader. *Williams v. Kincaid*, 45 F.4th 759, 765, 777 (4th Cir. 2022). But the Court does not accept "legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Taylor v. Boyko*, 39 F.4th 177, 189 (4th Cir. 2022) (quoting *United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 455 (4th Cir. 2013)). Merely reciting a claim's elements "and supporting them by conclusory statements does not meet the required standard." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) (quoting *ACA Fin. Guar. Corp. v. City of Buena Vista, Va.*, 917 F.3d 206, 212 (4th Cir. 2019)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).

"[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

3

### III.   Discussion

McLain has filed several lawsuits against Young, Pepco, and Exelon. *E.g.*, No. DLB-25-1972 (D. Md. June 20, 2025) (naming Young, Pepco, and Exelon as defendants); No. DLB-25-1801 (D. Md. June 6, 2025) (naming Young, Pepco, and Exelon as defendants); No. DLB-25-1083 (D. Md. April 2, 2025) (naming Young and Pepco among the defendants); No. DLB-23-1521 (D. Md. June 5, 2023) (naming Young and Pepco among the defendants). In these suits, McLain has repeatedly alleged that he discovered living dinosaurs on Earth and a route to the southern hemisphere, for which a Pepco right-of-way provided access, and that the defendants deprived him of the recognition for and economic benefits of these discoveries. In No. DLB-25-1972, McLain claimed that, through these alleged acts, Young, Pepco, and Exelon deprived him of his rights under the Fifth and Fourteenth Amendments, in violation of 42 U.S.C. § 1983. McLain's previous cases were dismissed as frivolous.

When the Court dismissed No. DLB-25-1972 on June 26, 2025, the Court explained that McLain could not bring a § 1983 claim against Young, Pepco, or Exelon because none of these defendants is a state actor or acted under color of state law—a requirement under § 1983. No. DLB-25-1972, ECF 10, at 2; *see West v. Atkins*, 487 U.S. 42, 45 n.3, 48 (1988) (noting two elements are essential to state a claim under § 1983: (1) plaintiff must have suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation must have been committed by a person acting under color of law). The Court ordered McLain not to "file additional cases raising the same claims" and cautioned that "[a]ny such cases will be summarily dismissed." No. DLB 25-1972, ECF 10, at 2.

Once again, McLain brings a § 1983 claim against Young, Pepco, and Exelon. The defendants insist they are not state actors. McLain contends that the defendants qualify as state actors because Maryland has delegated its obligations to clear public utility rights-of-way to them, Pepco's and Exelon's operations are entwined with Maryland's operations, and/or Maryland regulations obligate Pepco and Exelon to maintain public utility rights-of-way. ECF 13, at 9–10; *see* ECF 1, at 4.

To be liable under § 1983, the defendant "must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999). If the defendant is not a state actor, the defendant's conduct must "be fairly attributable to the State." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 181 (4th Cir. 2009) (quoting *Holly v. Scott*, 434 F.3d 287, 292 (4th Cir. 2006)). "[T]here is 'no specific formula' for determining whether state action is present . . . . 'What is fairly attributable [to the state] is a matter of normative judgment, and the criteria lack rigid simplicity.'" *Id.* at 182 (quoting *Holly*, 434 F.3d at 292); *see Goldstein v. Chestnut Ride Vol. Fire Co.*, 218 F.3d 337, 342 (4th Cir. 2000) ("[T]he state action determination requires an examination of all the relevant circumstances, in an attempt to evaluate 'the degree of the Government's participation in the private party's activities.'" (quoting *Skinner v. Ry. Lab. Executives' Ass'n*, 489 U.S. 602, 614 (1989))). A private actor may be considered a state actor when the state, for example, "delegate[s] a traditionally and exclusively public function to a private actor," coerces the private actor to violate the constitution, delegates a task to a private actor "to evade a clear constitutional duty," or "commit[s] an unconstitutional act in the course of enforcing a right of a private citizen." *Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993).

McLain has not adequately alleged that the defendants have a sufficiently close relationship with the State of Maryland from which the Court could plausibly infer that they are engaged in the state's actions. McLain has not identified any public function that Maryland has delegated to the defendants. "[T]he supplying of utility service is not traditionally the exclusive prerogative of the State." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351–53 (1974). Maintaining a public utility right-of-way—or the land near the right-of-way—also is not traditionally an exclusive public function of the state. *See id.* Examples of "traditionally and exclusively public function[s]," *see Andrews*, 998 F.2d at 217, include "the operation of a town," *see DeBauche*, 191 F.3d at 508 (noting that "[t]his category is very narrow" and does not include, for example, "[t]he hosting of political debates"); fire protection, *see Goldstein*, 218 F.3d at 343–44 (noting that the Supreme Court had not decided whether "such functions as education, fire and police protection, and tax collection" could be "delegate[d] to private parties" and concluding fire protection is a function "traditionally exclusively reserved to the State" so that volunteer fire company could be state actor); and the provision of food services to incarcerated individuals, *see Coleman v. Aramark*, 31 F. App'x 808, 809 (4th Cir. 2002) (per curiam) (unpublished) (assuming without deciding that Aramark acted under color of state law for purposes of § 1983 by "performing the traditional governmental function of providing food service at the Jail").[1]

---

[1] Contrast those examples of traditionally and exclusively public functions with the conduct of private citizens who merely provide services for the state. *See, e.g.*, *Davis v. Dean*, No. TDC-24-2609, 2026 WL 309929, at *3 (D. Md. Feb. 5, 2026) (collecting cases holding that "a vendor selling products to prisoners does not act under color of state law"); *Polk Cnty. v. Dodson*, 454 U.S. 312, 324 (1981) (holding a public defender does not act under color of state law); *Milburn v. Anne Arundel Cnty. Dep't of Social Servs.*, 871 F.2d 474, 477–79 (4th Cir. 1989) (concluding that state licensure and entrustment with child care did not make foster parent a state actor); *Tolbert v. Kletzing*, No. 23-530, 2026 WL 497760, at *6 (W.D. Va. Feb. 23, 2026) (collecting cases holding that provision of emergency care to an incarcerated individual does not make a physician a state actor).

Additionally, Pepco's and Exelon's operations as public utility providers are not so entwined with Maryland's operations that they should be treated as state actors. *Cf. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 290–91 (2001) (concluding that "statewide association incorporated to regulate interscholastic athletic competition among public and private secondary schools . . . . should be treated as [a] state act[or] owing to the pervasive entwinement of state school officials in the structure of the association").

Finally, the state's regulation of utility companies does not make Pepco and Exelon state actors. *See Peltier v. Charter Day Sch., Inc.*, 37 F.4th 104, 121 n.10 (4th Cir. 2022) (observing that, in *Jackson*, 419 U.S. at 351–53, the Supreme Court "concluded that the defendant private power company was not a state actor, despite extensive state regulation and the company's state-granted monopoly status" and "the provision of utility services was neither a state function nor a municipal duty"). To be sure, when a utility company exercises state-delegated eminent domain power, such as entering private property to install power poles and lines, they may be considered a state actor. *See Baldwin v. Appalachian Power Co.*, 556 F.2d 241, 242 (4th Cir. 1997) (finding that "the power company, by availing itself of a state-granted right of entry onto Baldwin's property, acted under color of state law"). But those facts are not present here.

Because McLain fails to plead that Young, Pepco, and Exelon engaged in the state's actions and should be deemed state actors, his § 1983 claim is dismissed.

McLain seeks leave to amend if the Court concludes that he failed to state a claim. ECF 13, at 10. But he does not identify any facts that he would add to an amended complaint that would cure the pleading deficiencies. Further, in his earlier litigation, McLain pursued § 1983 claims against these defendants repeatedly, without success. His request to amend is denied as futile, and the § 1983 claim is dismissed with prejudice.

The remaining claims are state law claims. The Court has supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(a). "[I]f the district court 'has dismissed all claims over which it has original jurisdiction,' . . . supplemental jurisdiction persists, [but] the district court need not exercise it: Instead, the court may (and indeed, ordinarily should) kick the case to state court." *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 31–32 (2025); *see* 28 U.S.C. § 1367(c)(3). When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726–727 (1966)), *superseded by statute on other grounds as stated in Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 40 (2025). The Court declines to exercise supplemental jurisdiction over McLain's state law claims.[2]

## IV.    Conclusion

The defendants' motion to dismiss, ECF 6, is granted. McLain's § 1983 claim is dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over his state law claims, which are dismissed without prejudice. His motion to proceed in forma pauperis, ECF 2, is granted.

A separate order shall issue.

July 2, 2026
Date

Deborah L. Boardman
United States District Judge

---

[2] The Court does not have diversity jurisdiction over these claims because McLain and at least one defendant are residents of Maryland. *See* ECF 1-1; 28 U.S.C. § 1332(a), (a)(1) (federal district courts have jurisdiction to hear "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States").